Georgia BLOCKMAN and the Leadership Council for Metropolitan Open Communities, an Illinois Not-For-Profit Corporation, Plaintiffs-Appellees,

v.

SANDALWOOD APARTMENTS, Duvan, Inc., and Kay Barz, Defendants-Appellants.

No. 79-1778.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 27, 1979.

Decided Jan. 10, 1980.

---

Richard T. Ryan, Flynn, Galvin & Ryan, Chicago, Ill., for defendants-appellants.

F. Willis Caruso, Chicago, Ill., for plaintiffs-appellees.

Before CASTLE, Senior Circuit Judge, and PELL and WOOD, Circuit Judges.

CASTLE, Senior Circuit Judge.

Plaintiffs Georgia Blockman and Leadership Council for Metropolitan Open Communities (Leadership Council) brought this action under 42 U.S.C. § 1982 and 42 U.S.C. § 3604, alleging racial discrimination against Blockman in the renting of an apartment. Following a bench trial the district court entered a judgment in favor of both plaintiffs. The defendants appeal, attacking the sufficiency of the evidence. presented. We affirm the decision in favor of Blockman and reverse the entry of judgment in favor of the Leadership Council.

## I.

Ms. Blockman, a black woman, claims that the defendants discriminated against her in the rental of housing because of her race, a violation of 42 U.S.C. § 1982 and 42 U.S.C. § 3604.[1] The apartment which Ms. Blockman tried to rent is in a building located in the Sandalwood Apartment complex. Defendant Duvan, Inc. owned and managed the building in question and Kay Barz, the remaining defendant, is a Duvan rental agent.

According to the trial testimony, Jack Woltjen, a white investigator, viewed Duvan-managed two-bedroom apartments on July 14 and 16, 1977 and on both occasions was told that there were apartments available. After his July 14 visit he told the rental agent that he had other apartments to examine; on July 16 he was given an application, gave Kay Barz a $100 check as a deposit, and was told by Barz that if the application came through satisfactorily he could move in on July 22.

However, on July 15 Kay Barz did not give Georgia Blockman an application for the same apartments that were available to Woltjen on both July 14 and July 16. Ms. Blockman testified that after viewing the apartments and inquiring about applying for one she was told by Barz that no apartments were available, that there might be an apartment available on August 1, that

---

1. 42 U.S.C. § 1982 states that:

    All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

42 U.S.C. § 3604 makes it unlawful:

(d) To represent to any person because of race, color, religion, sex, or national origin that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available.

no applications were being taken at that time, and that Blockman could put her name on a waiting list.

The defendants view the facts differently. Kay Barz testified that Blockman neither asked for nor indicated any desire to fill out an application. Additionally, Barz' testimony made no mention of any discussion with Blockman about the availability of apartments.

■ Although there is a dispute about the facts of this case, there is sufficient evidence in the record to support the district court's finding of racial discrimination against Blockman. Blockman testified that she was told that there were no apartments available and that no applications were being taken. The finder of fact believed Blockman and, in light of the remaining evidence, concluded that she had clearly met her burden of proof. That conclusion is amply supported by the record and, accordingly, we affirm the district court's entry of judgment in favor of Blockman.

## II.

The Leadership Council's claims differ substantially from those of Blockman. At all times relevant to this case Blockman was eligible to receive housing assistance payments through the Section 8 Housing Assistance Program of the United States Department of Housing and Urban Development (HUD). Under the program the tenant-aid recipient pays no more than 25% of his or her income in rent and the local housing authority pays the balance. The Leadership Council's claims arise from a contract which the Leadership Council had with HUD, pursuant to which the Leadership Council was to assist Section 8 eligibles locate suitable housing. The Leadership Council claims that the defendants interfered with and frustrated its performance of the contract. The district court granted the Leadership Council relief by permanently enjoining the defendants from interfering with the Leadership Council's performance under the HUD contract.

■ However, the evidence presented is insufficient to support the entry of judgment in favor of the Leadership Council. In order to show interference with contractual relations one must show "(1) an existing contract between the plaintiff and a third party; (2) defendant's knowledge of this contract; (3) an intentional unjustified inducement to breach the contract; (4) a subsequent breach by the third party; and (5) resulting damages to the plaintiff." *Hannigan v. Sears, Roebuck and Co.*, 410 F.2d 285, 291 (7th Cir.), *cert. denied*, 396 U.S. 902, 90 S.Ct. 214, 24 L.Ed.2d 178 (1969) (citations omitted).[2] The only evidence which the Leadership Council presented in support of its claim of interference was the contract with HUD. This evidence, even when coupled with the proof of discrimination against Blockman, is inadequate. The failure of the Leadership Council to prove the remaining elements of interference with contractual relations is fatal to its claim.[3] Accordingly, the entry of judgment in favor of the Leadership Council is reversed.

2. The Leadership Council's claims are not bolstered by reference to the Restatement (Second) of Torts. According to the Restatement:

One who *intentionally* and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing *the third person* not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract.

Restatement (Second) of Torts § 766 (1979) (emphasis added).

3. The defendants' actions do not appear to have caused *any* injury to the Leadership Council. The HUD contract did not require the successful placement of Section 8 eligibles. Instead, the contract required that the Leadership Council set up programs to facilitate the placement of Section 8 eligibles. In fact, the defendants have helped the Leadership Council fulfill that part of the HUD contract which requires the Leadership Council to "[m]ake available legal assistance to investigate and take appropriate action on any allegations of illegal discrimination in seeking housing."

The final issue is the appellees' request for attorney's fees and costs for this appeal. Pursuant to 42 U.S.C. § 1988 we award Georgia Blockman attorney's fees in the amount of $500. as part of her costs.